UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES H. REED AND ELEANOR LYNN REED,  )<br>         Plaintiffs,                                            )<br>                                                                     )         No. 1:11-cv-884<br>-v-                                                                 )<br>                                                                     )         HONORABLE PAUL L. MALONEY<br>SUZANNE JOHNSON,                                     )<br>         Defendant.                                            )<br>_____) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before this Court is a Report and Recommendation issued by the Bankruptcy Judge. (ECF No. 1.)

The Bankruptcy Court determined the complaint filed by the Plaintiffs was a core matter. However, in light of the holding in *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594 (2011), the Bankruptcy Judge concluded he lacked jurisdiction to enter a final order and submitted this Report and Recommendation to this Court for entry of judgment. When the bankruptcy court hears non-core proceedings under 28 U.S.C. § 157(c)(1), the bankruptcy judge must file proposed findings of fact and conclusions of law. Fed. R. Bankr. P. 9033(a). Federal courts have sanctioned the use of the report and recommendation vehicle under Rule 9033 for certain core proceedings. *See In re Norris*, 114 F.3d 1182, 1997 WL 256808, at * 11 (5th Cir. 1997) (per curiam) (unpublished opinion) (involving a report recommending a contempt finding in a core proceeding); *see also In re Steele Cattle, Inc.*, 39 F.3d 1192, 1994 WL 596627, at * (10th Cir. 1994) (unpublished table opinion) (commenting, in dicta, that Rule 9033 is not limited to contempt orders in non-core proceedings); *Hagan v. Okony*, No. 1:08-cv-732, 2008 WL 4722747 (W.D. Mich. Oct. 22, 2008) (Maloney, C.J.) (order adopting report and recommendation and noting the similarities between the Bankruptcy Code

and Bankruptcy Rules governing report and recommendations and the Federal Magistrate's Act, 28, U.S.C. § 636).

Once served with a report and recommendation, a party has fourteen days to file objections. Fed. R. Bankr. P. 9033(b); *see* 28 U.S.C. § 636(b)(1). The federal district court need only review those portions of the report and recommendation to which objections have been filed. Fed. R. Bankr. P. 9033(d); *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed since the report and recommendation was filed and no objections have been received. Without determining whether the Bankruptcy Court had jurisdiction to enter a final order, because no objections have been filed, and because of the parties' interests in expedient litigation, the recommendations alone are ADOPTED.

Accordingly, **IT IS HEREBY ORDERED** that

1. The Recommendation (ECF No. 1) is **ADOPTED**.

2. Under 11 U.S.C. § 523, the debt of Suzanne Johnson, the debtor, is non-dischargable.

3. Under 11 U.S.C. § 523, a money judgment in favor of Plaintiffs James and Eleanor Reed and against Defendant Suzanne Johnson is **GRANTED** for $15,727.17.

4. **THIS ACTION IS TERMINATED.**

Date: September 21, 2011

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge